**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**SAN ANGELO DIVISION**

| | | |
|---|---|---|
| **NELSON IVAN PEREZ-AGUILAR,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO.** |
| | § | **6:11-CV-43-BL** |
| **UNITED STATES OF AMERICA,** | § | **ECF** |
| | § | |
| | § | |
| **Defendant.** | § | **Assigned to U.S. Magistrate Judge** |

**MEMORANDUM OPINION AND ORDER DISMISSING**
**MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

Pending before the Court is Nelson Ivan Perez-Aguilar's ("Perez-Aguilar") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. As discussed in detail herein, Perez-Aguilar's claims are subject to dismissal because he waived his right to file such claims. For this reason, the court DENIES his § 2255 motion.

**I. FACTUAL BACKGROUND**

On November 17, 2010, Perez-Aguilar was charged in a superceding information with two counts of aiding and abetting the improper entry of an illegal alien, in violation of 8 U.S.C. §§ 1325 and 1329 and 18 U.S.C. § 2 (Doc. 23).[1] On that same date, Perez-Aguilar pleaded guilty pursuant to a written plea agreement (Doc. 24).

The plea agreement contained a voluntary waiver of Perez-Aguilar's right to appeal and to file a § 2255 motion:

---

[1] Docket entries refer to the criminal case, 6:10-cr-41

> Except as otherwise provided, the defendant expressly waives the right to appeal his conviction and/or sentence on any ground, including any appeal right conferred by 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742. The defendant further waives his right to contest his conviction and/or sentence in any post-conviction or collateral proceeding, including, but not limited to, proceedings under **28 U.S.C. §§ 2241 and 2255**. The defendant, however, reserves the right to (a) appeal any punishment imposed exceeding the statutory maximum, and (b) challenge the voluntariness of his plea of guilty or this waiver of appeal.

(Doc. 24) (emphasis added).

The Court questioned Perez-Aguilar under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion. The Court explained the basic terms of the plea agreement, including the waiver of appellate rights and § 2255 rights. After ensuring that the waiver of his appellate rights was knowing and voluntary, the Court questioned Perez-Aguilar regarding his waiver of the right to file a § 2255 motion:

> THE COURT: Do you understand you are giving up your right to appeal and to otherwise challenge your conviction or sentence imposed in this case except for the limited reasons set forth in the plea agreement?
>
> Perez-Aguilar: Yes.

Perez-Aguilar further stated that he had read the written plea agreement, discussed it with his attorney, that he understood it, and that he signed it. It is clear from the foregoing that Perez-Aguilar's waiver was knowing and voluntary. *See* Fed. R. Crim. P. 11(b)(1)(N)(obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

On November 17, 2010, the Court sentenced Perez-Aguilar to 358 days in the custody of the

Bureau of Prisons (179 days on each count) and imposed a fine and special assessment fee. Judgment of conviction and sentence was entered November 22, 2010. (Doc. 29). Consistent with his waiver of appellate rights, Perez-Aguilar did not appeal. Perez-Aguilar's timely § 2255 motion was filed May 4, 2011.

In his motion, Perez-Aguilar asserts four claims. First, he argues that he was charged with being an illegal immigrant and he is actually a United States resident. Second, he contends he should have been sentenced to a maximum sentence of six months because the factual resume only reflected that he was pleading to one count. Third, he generally complains about the place of his confinement. Lastly, he alleges ineffective assistance of counsel because his attorney failed to file an appeal.

For the reasons set forth herein, Perez-Aguilar's claims fail.

## II. ANALYSIS

### A.  28 U.S.C. § 2255

Ordinarily, there are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Under *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992), a defendant can waive his right to appeal as part of a plea agreement if the waiver is informed and voluntary. "It is up to the district court to insure that the defendant fully understands [his] right to appeal and the consequences of waiving that right." *United States v. Baty*, 980 F.2d 977, 979 (5th Cir.1992). Further, under *U.S. v. Wilkes*, 20 F.3d 651,

653 (5th Cir. 1994), a defendant's informed and voluntary waiver of post-conviction relief is effective to bar a 28 U.S.C. § 2255 action. But, such a waiver may not always apply to a collateral attack based upon ineffective assistance of counsel. *Id.* An attorney cannot be considered deficient for failing to raise claims knowingly and voluntarily waived in the process of plea bargaining. *Smith v. Puckett*, 907 F.2d 581, 585 n. 6 (5th Cir. 1990), *cert. denied*, 498 U.S. 1033 (1991) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim.").

In his plea agreement, Perez-Aguilar waived all rights to appeal his sentence and waived any post-conviction relief available under 28 U.S.C. § 2255. But Perez-Aguilar's plea agreement preserved his "right to (a) appeal any punishment imposed exceeding the statutory maximum, and (b) challenge the voluntariness of his plea of guilty or this waiver of appeal." (Doc. 24).

Here, Perez-Aguilar indicated that he fully understood the waiver of his right to bring an appeal and waived post-conviction motions at the time the plea was accepted. Perez-Aguilar attested that he fully understood and voluntarily approved of his plea. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Consequently, because Perez-Aguilar voluntarily waived his § 2255 rights, his claim of ineffective assistance of counsel based on his attorney's failure to file an appeal immediately fails. *See Smith*, 907 F.2d at 585 n. 6. Additionally, because Perez-Aguilar did not argue that his sentence exceeded the statutory maximum, which is the only other argument he preserved a right to make, all of his remaining claims are barred by his waiver.

### III. CONCLUSION

For the above-stated reasons, Perez-Aguilar's motion under 28 U.S.C. § 2255 is DISMISSED WITH PREJUDICE.

Pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), this Court finds that a certificate of appealability is denied. For the reasons set forth herein, Movant has failed to show that a reasonable jurist would find (1) this Court's "assessment of the constitutional claims debatable or wrong," or (2) "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**SO ORDERED**.

DATED this 9th day of September, 2011.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**